**YOU TONG LI, Petitioner,**

v.

**Alberto R. GONZALES,[1] Respondent.**

**No. 04–2014–ag.**

United States Court of Appeals, Second Circuit.

Oct. 23, 2006.

Karen Jaffe, New York, New York, for Petitioner.

Michael J. Garcia, United States Attorney for the Southern District of New York, Andrew D. O'Toole, Assistant United States Attorney, Of Counsel, New York, New York, for Respondent.

PRESENT: Hon. RALPH K. WINTER, Hon. JOSÉ A. CABRANES, Hon. ROSEMARY S. POOLER, Circuit Judges.

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

## SUMMARY ORDER

Petitioner You Tong Li, a native and citizen of the People's Republic of China, seeks review of an April 7, 2004 order of the BIA denying his motion to reopen his removal proceedings. *In re You Tong Li,* No. A77 563 159 (B.I.A. Apr. 7, 2004). Previously, the BIA had affirmed the June 29, 2001 decision of Immigration Judge ("IJ") Annette S. Elstein denying Li's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re You Tong Li,* No. A77 563 159 (B.I.A. Feb. 20, 2003), *aff'g* No. A77 563 159 (Immig. Ct. N.Y. City June 29, 2001). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for an abuse of discretion. *See Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir.2001). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Id.* (internal citations omitted).

The BIA did not abuse its discretion in denying Li's motion, because the two cases from this Court that were issued following the BIA's earlier decision did not, as Li claimed, abrogate the IJ's reasoning in his case. Consistent with *Secaida–Rosales v. INS,* 331 F.3d 297, 307–08 (2d Cir.2003), the IJ did not rely on minor inconsistencies or speculation in making the adverse credibility finding, but rather, properly emphasized Li's frequent contradictions in his testimony regarding his wife's health at the time of her abortion, what happened to her IUD, and whether he was present when she was taken for sterilization. Consistent with *Jin Shui Qiu v. Ashcroft,* 329 F.3d 140, 152–53 (2d Cir.2003), the IJ did not make unreasonable demands for corroboration, but rather found that Li's testimony was inconsistent, and was further contradicted by documents he submitted after she granted him several continuances for the express purpose of allowing him to submit corroboration. Li's testimony was contradictory and unreliable both with regard to the timing and circumstances under which he left China, and the harm his wife allegedly suffered under the family planning policy. Therefore, the BIA reasonably found that it did not err previously in affirming the IJ's decision, when the IJ's adverse credibility finding was not clearly erroneous as a whole.

For the foregoing reasons, the petition for review is REINSTATED and DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).